UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE:

|                                    :
RED CHAMBER CO.,                    :
                                    :
            Plaintiff,              :    Court No. 11-00088
      v.                            :
                                    :
UNITED STATES,                      :
            Defendant.              :
_____:

## ANSWER

Pursuant to Rule 7(a) of the Rules of the United States Court of International Trade, the United States, defendant, responds to the allegations of plaintiff's complaint, as follows:

## Introduction

Admits that in this action, Red Chamber, the importer of record, contests the denial of its protest filed on July 13, 2010, in connection with Entry No. 595-4291551-3 and the assessment of antidumping duties by U.S. Customs and Border Protection (CBP). Denies that the assessment of antidumping duties was improper. Admits that CBP rate advanced the entry without examination of the shrimp imported in the entry. Admits that CBP determined that the shrimp was subject to antidumping duties and was improperly entered in the first instance. Admits that the entry was originally filed as duty free and subsequently reliquidated with the assessment of antidumping duties. Denies the balance of the allegations of this paragraph.

## Jurisdiction

1. Admits.
2. Admits.

3. Admits that a protest was timely filed by Red Chamber with CBP on July 13, 2010 and denied on November 22, 2010. Denies the balance of the allegations of this paragraph. Avers that the protest was filed against the liquidation of Entry No. 595-4291551-3.

4. Admits.

## Statement of Facts

5. Admits.

6. Admits.

7. Denies that at the eight digit level, Subheading 1605.20.10 includes the phrase "[f]rozen, imported in accordance with Statistical Note 1 to this chapter." Avers that this language is in a statistical annotation. Admits the balance of the allegations of this paragraph.

8. Admits.

9. Admits.

10. Admits.

11. Admits.

12. Denies.

13. Admits. Avers that examination is not required before the merchandise is determined to be subject to antidumping duties.

14. Admits.

15. Admits. Avers that examination is not required before the merchandise is determined to be subject to antidumping duties.

16. Denies.

17. Admits.

18. Admits.

19. Admits.

20. Admits. Avers that the Worksheet Summary speaks for itself and is the best evidence of its contents.

21. Admits. Avers that the laboratory report speaks for itself and is the best evidence of its contents.

22. Denies that the first page of the June 12, 2007 laboratory report identifies the manufacturer of the shrimp as Sha Jin Huang Pu Yang Sheng Manufactory. Avers that the manufacturer of the shrimp is identified as Sha Jing Huang Pu Yang Manufactory. Otherwise, admits.

23. Admits. Avers that Shantou Jinhang Aquatic Industry Co., Ltd. was also the vendor of the shrimp tested in the June 12, 2007 laboratory report.

24. Admits. Avers that for both shipments, the manufacturer was Sha Jing Huang Pu Yang Sheng Manufactory and the vendor was Shantou Jinhang Aquatic Industry Co., Ltd.

25. Denies for lack of information sufficient to form a belief that the shrimp imported under the Subject Entry was sold by Red Chamber to Neptune Foods.

26. Denies for lack of information whether Neptune Foods buys dusted and non-dusted shrimp from no one else but Red Chamber. Admits the balance of the allegations of this paragraph. Avers that the deposition of Hector Poon speaks for itself and is the best evidence of its contents.

27. Admits. Avers that the deposition of Ming Shin Kou speaks for itself and is the best evidence of its contents.

28. Denies.

## COUNT I

29. Paragraphs 1 through 28 are herein incorporated by reference.

30. Admits. Avers that CBP has other evidence that the shrimp imported in Entry No. 595-4291551-3 did not qualify as dusted shrimp.

31. Denies.

32. Admits that CBP denied plaintiff's protest by relying on the results of the examination of shrimp from an entry that was made after Entry No. 595-4291551-3. Denies that the laboratory report identified Sha Jin Huang Pu Yang Sheng Manufactory as the vendor. Avers, that the laboratory report identified Sha Jing Huang Pu Yang Sheng Manufactory as the manufacturer which is the same manufacturer of the shrimp imported in Entry No. 595-4291551-3. Avers that the vendor of the shrimp tested in the laboratory report is also the vendor of the shrimp imported in Entry No. 595-4291551-3, Shantou Jinhang Aquatic Industry Co., Ltd. Denies the balance of the allegations of this paragraph.

33. Denies.

34. Denies.

35. Denies.

WHEREFORE, defendant respectfully requests that judgment be entered dismissing this action, overruling plaintiff's claims, sustaining the actions of the relevant Customs officials, and granting defendant such other and further relief as may be just and appropriate.

Respectfully submitted

STUART F. DELERY
Acting Assistant Attorney General

/s/
By: BARBARA S. WILLIAMS
Attorney in Charge
International Trade Field Office

/s/
AIMEE LEE
Civil Division, Dept. of Justice
Commercial Litigation Branch
26 Federal Plaza
New York, New York 10278

Dated: April 23, 2013    Attorneys for Defendant
Tel. No. 212-264-9230 or 9253